IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN LEE EDWARDS, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | | A-09-CA-283-LY |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director, Texas Dept. of Criminal Justice- § | | |
| Correctional Institutions § | | |
| Division, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); and Petitioner's memorandum in support (Document 2). Petitioner is proceeding pro se and has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

### I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

Petitioner was convicted following a jury trial in the 277th Judicial District Court for Williamson County, Texas, of aggravated sexual assault of a child. Edwards v. State, No. 03-06-00226-CR, 2007 WL 135946 (Tex. App. – Austin 2007, pet. ref'd). The jury assessed punishment,

enhanced by a previous conviction for indecency with a child, at life imprisonment. Id. Petitioner's conviction was affirmed on January 19, 2007. Id. The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on August 22, 2007. Edwards v. State, PD-0246-07. Petitioner did not file a petition for writ of certiorari with the Supreme Court. He did, however, file a state application for habeas corpus relief. Petitioner indicates he filed his state application on November 17, 2008. The Texas Court of Criminal Appeals denied the application on March 18, 2009. Ex parte Edwards, Appl. No. 71,679-01. On March 30, 2009, Petitioner filed a motion for rehearing, which the Texas Court of Criminal Appeals disposed of by taking no action on March 31, 2009. Petitioner next filed a motion for reconsideration on April 6, 2009, which the Texas Court of Criminal Appeals determined no action was necessary as the motion did not comply with Rule 79.2.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.   He received ineffective assistance of counsel;

2.   Petitioner was denied an attorney during his interrogation; and

3.   Petitioner was denied a fair trial when the trial court allowed into evidence excerpts of Petitioner's video interrogation.

## II.   DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

2

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Petitioner's conviction became final, at the latest, on November 20, 2007, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Petitioner indicates he filed his state application for habeas corpus relief on November 17, 2008, three days prior to the expiration of the one-year limitations period for filing federal habeas corpus applications. The Texas Court of Criminal Appeals denied the application on March 18,

2009. Therefore, absent any additional tolling, Petitioner had until March 21, 2009, to timely file his federal application. Because March 21, 2009, was a Saturday, Petitioner actually had until March 23, 2009, to file his federal application. Petitioner's federal application was filed on April 15, 2009. Enclosed in the envelope with the federal application was a money order dated April 13, 2009. The Court notes the envelope was not mailed from the prison. Rather, it appears to have been mailed by the purchaser of the money order on April 13, 2009, after the limitations period had expired.

The federal limitations period is tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2). Texas law provides that "A motion for rehearing an order that denied habeas corpus relief ... may not be filed." TEX. R. APP. P. 79.2(d) (West 2003). However, the Court of Criminal Appeals "has entertained motions for reconsideration, notwithstanding the language in ... Rule 79.2(d)." Emerson v. Johnson, 243 F.3d 931, 934 (5th Cir. 2001). When a motion for rehearing is properly filed within the § 2244(d) limitations period, that period is tolled from the date of the habeas denial, as if the motion for rehearing is a further step in the state habeas process. Lookingbill v. Cockrell, 293 F.3d 256, 261 (5th Cir. 2002); Emerson, 243 F.3d at 935; see Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001) (the intervals between disposition of state habeas application and timely filing of an application for review at the next level are not counted); Gordon v. Dretke, 107 Fed. App'x 404, 406 (5th Cir. 2004) (noting that a motion to reconsider denial of state habeas application was filed after the expiration of the § 2244(d) limitations period, distinguishing case from Emerson and Lookingbill ). The limitations period is tolled "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." Emerson, 243 F.3d at 935.

4

Petitioner filed both of his suggestions for reconsideration after the limitations period had already expired. As such, Petitioner cannot revive an already expired limitations period by filing a suggestion for reconsideration with the Texas Court of Criminal Appeals. Gordon, 107 Fed. App'x at 406; see also Wilson v. Dretke, No. 3:04-CV-0933-R, 2005 WL 3534221 (N.D. Tex. Nov. 30, 2005) (holding the petitioner's motion for reconsideration did not toll the limitations period because it was filed after the limitations period had already expired).[2]

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

---

[2] The Fifth Circuit denied Wilson a certificate of appealability on February 2, 2006, and the Supreme Court denied Wilson's petition for writ of certiorari on October 1, 2007. Wilson v. Quarterman, No. 06-10508 (5th Cir.2006), cert. denied, 128 S. Ct. 62 (2007).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE